UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | ) | CASE NO. 4:26-CV-00470 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| CORECIVIC, INC., | ) | |
| | ) | **<u>Order</u>** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Christopher Foster, a state inmate proceeding pro se, sued CoreCivic, Inc. in the Southern District of Ohio on February 23, 2026. Doc. 1. On February 25, 2026, the case was transferred to the Northern District of Ohio. Doc. 8. Plaintiff also filed a Motion for Leave to Sue, a Motion for Leave to Proceed In Forma Pauperis, a Motion for Leave to File Rule 65, a Motion for leave to file Rule 15, a Motion to Change the Cause of Action, and an Emergency Motion for IFP Service. Docs. 2, 4, 6, 9, 10, 12. Simultaneously, Plaintiff sued the Office of the Chief Inspector of the Ohio Department of Rehabilitation and Correction ("ODRC"), in the Southern District of Ohio, which was also transferred to the Northern District of Ohio and assigned to District Judge Benita Pearson.  Case No. 4:26-cv-00476. Plaintiff filed similar, if not the same litany of motions in both cases.

On June 11, 2026, Judge Pearson found Plaintiff's claims frivolous, dismissed the case with prejudice pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A(b)(1), denied his remaining motions as moot and designated him a vexatious litigator. *Foster v. ODRC*, No. 4:26-cv-00476 (N.D. Ohio, June 11, 2026) (collecting Plaintiff's cases include: 13 unfounded complaints in the Northern District of Ohio, 21 unfounded complaints in the Southern District of

1

Ohio, at least 3 in federal courts across the country, and has been designated a vexatious litigator in Ohio state court after filing dozens of lawsuits).

**The Three Strike Bar**

Upon review of the case before her and the instant case, Judge Pearson noted that Plaintiff's "latest federal complaints are equally incomprehensible, harassing, and derivative. *See Foster v. ODRC Inspector Off.*, No. 4:26-CV-00476 (N.D. Ohio filed Feb. 26, 2026); *Foster v. CoreCivic, Inc.*, No. 4:26-CV-00470 (N.D. Ohio filed Feb. 25, 2026)." *Foster v. ODRC*, No. 4:26-cv-00476.

> In both the Northern and Southern Districts of Ohio, Plaintiff is prohibited from proceeding in forma pauperis, having accumulated at least 'three strikes' for frivolous filings under 28 U.S.C. § 1915(g). See *Foster*, 2019 WL 1472093; *Foster*, 2025 WL 2656521. As a result, he cannot receive pauper status unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). And Plaintiff has been given sufficient notice and warning that his filings are vexatious and harassing. See, e.g., *Foster*, No. 4:25-CV-00295, ECF No. 47 at PageID #: 421 ("The Court admonishes Foster to avoid filing further frivolous or duplicative documents. Otherwise, the Court will consider imposing sanctions, including designating Foster a restricted filer.")

Id.

Upon review, Plaintiff's claims regarding "imminent" harm in this case are duplicative of those made in the case before Judge Pearson. Here, Plaintiff contends that Defendant will not allow him to remain in a single cell and therefore is in imminent danger because "I could be placed back around the inmates to which are not disabled to which have threatened and attacked me solely because I am disabled." Doc. 1. The Court agrees with Judge Pearson that

> Plaintiff makes no showing of imminent danger sufficient to excuse 28 U.S.C. §1915(g)'s three strike bar. Rather, his pleadings indicate he is consciously manipulating statutory language in his pleadings, using the 'magic words' to encompass his rambling, vague, and generalized allegations, circumvent the three-strike rule, and bypass the Court's screening mechanisms for pro se prisoner litigation.

> Plaintiff has been the beneficiary of the Court's patience for over a decade.

2

3

Accordingly, The Court finds Plaintiff's claims to be frivolous and his Complaint is dismissed with prejudice under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b)(1). His remaining motions are denied as moot.

IT IS SO ORDERED.


DATED:  June 30, 2026                          /s/ John R. Adams
                                               Judge John R. Adams
                                               UNITED STATES DISTRICT COURT